Thank you and may it please the court. This court should vacate the district court's order and remand because the district court clearly erred twice in failing to hold a Frank hearing. First, the district court's one-sentence analysis regarding Franks and it failed to address the most material piece of evidence in the record, Detective Hsu's affidavit. And then second, after failing to address that affidavit, the district court erred again in ruling that Mr. Roland was not entitled to a Franks hearing. I think because the first error led to the second, it's really important to understand it and start with it. Below, the district court never analyzed if Mr. Roland's alleged omissions actually satisfied the two-pronged Franks test, which here is materiality and recklessness. Instead, the district court stated that although Mr. Roland alleged Officer Lewis recklessly omitted material information, he failed to offer any proffer or evidence. In other words, we had allegations but no evidence. But at pages four and five of my reply brief, I provide a chart for the court to show that Detective Hsu's affidavit, in fact, supported every alleged omission that we urged below in the district court. And to be blunt here, your honors, the district court cannot fail to address the most material evidence in the record and then rule that we have no evidence in the record. That's a clear procedural error. So now we're on appeal in a posture where the district court hasn't considered the most material piece of evidence in the record. I cannot find any case in this court's precedent in which the district court fails to consider the most material piece of evidence regarding Franks, and then this court not only applies Franks in the first instance, but then addresses the exclusionary rule as well. Mr. Leon, let me tell you what's on my mind from reading your brief, and that is you lay out the different omissions at a couple points in the brief. And when I look at them, I think, okay, but why does that undermine the search of the car in any way? So your honor, that's the second part of our argument, and I'm going to address that. But that's really a two-step analysis, right? And the part you're getting at is the probable cause inquiry, and you have to consider the precise legal question here, which is very important. The question is whether the evidence that the officers found would show or had a substantial chance of showing that evidence leading to the real shooter of Banks would be in the Buick. That's the precise question. So now when you can see... Well, isn't it... Isn't the question a little bit different than that? Isn't the question whether or not the search warrant... Whether or not there was probable cause to believe there would be evidence of a crime in the car. Yes, your honor. And the Supreme Court has defined evidence of a crime in this context.